KAREN LOPEZ et al., Plaintiffs-Appellees, v. JOSEPH F. FITZGERALD, JR., et al., Defendants-Appellants.

First District (4th Division)    No. 76-336

Opinion filed May 5, 1977.—Supplemental opinion filed on denial of rehearing October 6, 1977.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Robert L. Thompson, Assistant Corporation Counsel, of counsel), for appellants.

Robert Masur, Fred L. Lieb, and Seymour Mansfield, all of Legal Assistance Foundation, of Chicago, for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The trial judge entered an order in the form of a permanent injunction, allowing the plaintiffs access to any and all records of the Building Department of the City of Chicago, and also declaring these records to be public records

under the Illinois Local Records Act (Ill. Rev. Stat. 1975, ch. 116, par. 43.101 *et seq*.), and section 41—7 of the Municipal Code of Chicago.

The sole issue on appeal is whether or not the records of various investigations are public records under the statute and the Municipal Code.

The facts of the case are, the plaintiffs are individuals and community organizations who claim an interest in the reports of the building inspectors of the Building Department of the City of Chicago. The Commissioner of Buildings refused to allow them to inspect or copy the various preliminary investigatory reports of his inspectors. This suit followed. After numerous pleadings, affidavits, hearings and amendments, the trial judge entered an injunction in favor of the plaintiffs, which stated that all the records of the Building Department could be viewed as public records and anyone should be allowed to view them and to make copies of them. This appeal is taken from the permanent injunction and final order.

■■ The central area of our concern is whether these various preliminary investigatory reports are public records and thereby should be disclosed. The Illinois Local Records Act (Ill. Rev. Stat. 1975, par. 43.102) provides:

> "This Act declares that a program for the efficient and economical management of local records will promote economy and efficiency in the day-by-day recordkeeping activities of local governments and will facilitate and expedite governmental operations."

This is the legislative declaration, the intent of the legislature in enacting the statute. It is plainly clear the legislature intended to "facilitate and expedite" the operation of local government. We do not believe the order and injunction of the trial court would serve this purpose. In fact, this order and injunction would greatly burden and ultimately halt local government operations.

Chapter 41, section 7 of the Municipal Code of Chicago provides that reports of building inspection are public records. However, this means final reports, not preliminary reports. In the Building Department of the City of Chicago, a building inspector's report is a preliminary investigation of a complaint by a citizen, or simply a periodic check of a structure. The inspector notes the possibility of certain types of violations and then turns the report in to his supervisor. The supervisor then goes over the report and, if in his opinion it is warranted, he refers it to the appropriate (elevator, electrical, etc.) division for their review. Then, if the experts in the particular division decide it is necessary, they send out their own inspectors, who are trained in the various building construction specialties to make inspections and issue summonses for an appearance in

housing court. After the experts go out and file their "final" report, the records should be available as public records. Thus, if a notice for compliance, a compliance hearing or court action is taken, then the records are public records. The original report of the building inspector is merely a list of areas for further inspection and is by no manner or means a complete list of violations. To disclose to the general public a speculative report such as this would be a great disservice, both to the property owners and to the public at large. Although there is no statutory right to obtain disclosure, there does exist a limited common law duty to disclose, as recognized by this court in *People ex rel. Better Broadcasting Council v. Keane* (1974), 17 Ill. App. 3d 1090, 309 N.E.2d 362.

To carry the trial judge's thinking to its logical conclusion, every report made by a detective to his supervising sergeant in the Police Department would be open to public inspection. This would cripple police investigation. Any· such preliminary investigative report is necessarily made up, in some part, of speculation, rumor, and guesswork. The same situation exists in the Health Department. A health inspector may make various observations on sanitary facilities or a kitchen in a restaurant, but he may need the work of the laboratory before he can make a reasoned judgment on the cleanliness or lack thereof in a particular facility. If this injunction were allowed to stand, the Department of Planning would be setting off widespread land speculation every time it made a study of an area for any purpose whatsoever, and made a preliminary report with suggestions of various possibilities.

■■ As this court said in *People ex rel. Better Broadcasting Council v. Keane*:

> "The people's right to know, however, must be balanced by the practical necessities of governing. Public officials must be able to gather a maximum of information and discharge their official duties without infringing on rights of privacy. * * * Therefore, it is important to consider whether disclosure would constitute an invasion of privacy; whether there could be prejudice to private rights or give an unfair competitive advantage; * * * whether it would discourage frankness; and whether it could cut off sources of information upon which a government relies." 17 Ill. App. 3d 1090, 1092-93.

It is the weight of authority from other jurisdictions that a preliminary investigative report does not qualify as a public record, and as such should not be disclosed to the public at large. The Iowa Supreme Court said in the case of *Linder v. Eckard* (1967), 261 Iowa 216, 152 N.W.2d 833, 835:

> "We find that the appraisals are but preliminary matters of investigation to assist the city in deciding whether to adopt an

urban renewal plan. Obviously such a determination is ordinarily made only after inquiry and investigation concerning its feasibility. This necessarily results in the accumulation of much tentative and experimental data assembled to assist in the ultimate decision. Until acted upon, material of this kind does not assume the status of public record or writing. This has been the usual holding in other courts."

In Oregon, the State supreme court took note of the fact there was a State statute which allowed the inspection of any document in the hands of State officials and then went on to say:

"The public's right of inspection is not without qualification. There may be circumstances under which the information contained in a record can be justifiably withheld from the person seeking it. * * * Even where the request is made for a lawful purpose the public interest may require that the information be withheld." *MacEwan v. Holm* (1961), 226 Ore. 27, 359 P.2d 413, 420-21.

■■ In the instant case, the release of preliminary investigative reports which are speculative in that they are not binding decisions until verified by expert opinion and formalized as a complaint to the owner, would be unfair to the owners of the building. The complaint is the first notice given the owner of an alleged violation. The release of preliminary investigative reports could create prejudice against the owner, without his knowledge, as these reports are mere speculation by someone untrained in all the subtleties of the numerous building trades. What may appear to him to be a violation, to an expert would appear to be a normal practice for the trade. It would certainly discourage frankness on the part of the inspector, who would be afraid of criticism from his superiors if he made too many pointless observations which would not stand up in a subsequent court case. It would also cut off information to the Building Department, as tenants would be very wary of mentioning anything to the Department or an individual inspector, for fear the owner would find out who had been complaining. However, disclosure of reports after final action has been taken would produce no impediment to the efficient administration of government. The discovery in this case reveals that the defendant building commissioner allows reports to be seen by selected parties. Some of these parties have no relation to government or the property owner, such as the news media. There can be little grounds for distinction to justify disclosure to the news media, who will disseminate such information to the public at large, and to refuse disclosure to individual members of the public who may have a greater, more compelling interest in the information contained in the report. This

selected practice by the defendant is different from his position taken here and should be discontinued.

It is not in the best interest of the tenants or the owners, nor is it in the interest of facilitating and expediting the business of the Building Department of the City of Chicago, to release preliminary reports of the building inspectors. The legislative intent as embodied in the legislative declaration of the Local Records Act (Ill. Rev. Stat. 1975, ch. 116, par. 43.102) is clear on its face and it was not intended to be applied in situations such as the instant case.

Chapter 41-7 of the Municipal Code clearly states the records are for use at "the trial of said cause and shall be admitted as prima facie evidence as to the contents thereof."

For the reasons stated herein, the order of the circuit court of Cook County is reversed.

Reversed.

LINN and JOHNSON, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is a supplemental opinion upon the petition for rehearing filed by the appellees. The petitioners raise five points in urging this court to rehear the case: (1) they suggest to the court we have misinterpreted the procedures of the Building Department; (2) they suggest to this court we have misinterpreted the order appealed from in the lower court; (3) they suggest we have misapprehended the facts of this case; (4) they suggest we have misapprehended the law concerning access to public records; and (5) they suggest we should grant a rehearing concerning the class action aspect of their case.

■■ With regard to the petitioners' first point we would refer them to chapter 13 of the Municipal Code of the City of Chicago. Chapter 13 provides for the establishment and organization of the Department of Buildings of the City of Chicago. It is well established in Illinois and a sound judicial policy for the courts in reviewing a case to take judicial notice of any and all statutes and ordinances which pertain to the case. (*City of Chicago v. Williams* (1912), 254 Ill. 360.) In the instant case we studied the ordinances which set out the Building Department procedures. The fact these ordinances are followed is clear from Commissioner Fitzgerald's deposition.

In support of their second point the petitioners make a number of assertions and attempt to back these up with a series of unpleaded and unproven allegations not properly before this court. We carefully considered the order of the trial court and found it to be overly broad, consequently we reversed it.

■■ Petitioners' third point is also not well taken. There is no need for us to issue a modified injunction, limiting access to the final reports. The petitioners have a legal right under the Local Records Act (Ill. Rev. Stat. (1975), ch. 116, par. 43.101 *et seq.*) to see the final reports and our opinion makes this quite clear. It is apparent that our initial opinion has been misconstrued. We stated that official reports of the Department were unavailable until a final report, or final action had been taken. Citing with approval *Linder v. Eckard* (1967), 261 Iowa 216, 152 N.W.2d 833, should have clearly evidenced our concern that certain preliminary reports, prematurely made public, would hinder rather than further the public interest. A delay in disclosure of these records would serve to forestall such a possibility without great injury to those who might have a legitimate and lawful interest. See *People ex rel. Hamer v. Board of Education* (1970), 130 Ill. App. 2d 592, 264 N.E.2d 420.

As we pointed out, the common law right of a citizen to obtain disclosure is not unlimited. (*People ex rel. Better Broadcasting Council, Inc. v. Keane* (1973), 17 Ill. App. 3d 1090, 309 N.E.2d 362.) Thus, a delay in disclosure which promotes the public interest is not unreasonable and may serve to promote the function of the public agency involved.

Petitioners' fourth point is somewhat unclear in their petition. We specifically found the petitioners have a right of access to the final reports of the Building Department under the Illinois Local Records Act. They can go in and look at any and all of the final reports of the Building Department at any time during regular business hours.

Petitioners' last point is that we should grant a rehearing on the class action argument. The trial court properly struck the class allegations of the complaint and we affirmed the trial court's decision. Our opinion in this case applies to all citizens, so a class action is unnecessary.

Accordingly for the reasons contained herein, the petition for rehearing is denied.

Denied.

LINN and JOHNSON, JJ., concur.