SOUTH STICKNEY PARK DISTRICT, Plaintiff-Appellee, v. THE VIL-
LAGE OF BEDFORD PARK, Defendant-Appellant.

First District (5th Division) No. 83—2876

Opinion filed February 15, 1985.

Law Office of Patrick S. Moore, of Chicago, and Law Office of Mark
Patrick Morgan, of Midlothian (Patrick S. Moore, of counsel), for appellant.

Vincent Cainkar, of Louis F. Cainkar, Ltd., of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Defendant, village of Bedford Park, appeals from an order of the trial court granting summary judgment in favor of plaintiff, South Stickney Park District, on count I of its two-count complaint for declaratory relief. On appeal, defendant contends, *inter alia*, that the trial court erred in granting plaintiff's motion for summary judgment because (1) a genuine issue of material fact existed, and (2) assuming *arguendo* that there was no issue of material fact present, the trial court erred as a matter of law in its application of section 8–1 of the Park District Code (Ill. Rev. Stat. 1981, ch. 105, par. 8–1).

For the reasons given below, we vacate the trial court's order and remand with directions to dismiss count I of plaintiff's complaint. Pertinent to our disposition are the following.

Plaintiff, South Stickney Park District, is a governmental entity organized pursuant to the provisions of the Park District Code. (Ill. Rev. Stat. 1981, ch. 105, par. 1 *et seq.*) Its boundaries are included within the city of Burbank, village of Bridgeview, village of Bedford Park and portions of unincorporated Cook County. Plaintiff operates a park site on land lying east of Narragansett Avenue and south of 75th Street in the city of Burbank. In March of 1981, plaintiff sought to expand the existing park and acquired a nine-acre parcel of land directly west of the existing park, but separated therefrom by Narragansett Avenue. The newly acquired acreage was wholly within the boundaries of the Bedford Park District, and within the corporate limits of defendant village of Bedford Park.

As a condition of the grant money which it received from the Illinois Department of Conservation to purchase the land, plaintiff was obliged to use the acquired property only for park and recreational purposes. Upon approval of its planned use for the property by the Office of the Governor and the Northeastern Illinois Planning Commission, plaintiff received additional development grants from the Illinois Department of Conservation. Plaintiff's attempts to improve the newly acquired parcel were halted by the defendant which contended that plaintiff lacked authority to develop and operate a park on property wholly outside of plaintiff's boundaries.

In June of 1983, plaintiff filed its complaint for a declaratory judgment and other relief. Count I alleged that the defendant refused to allow plaintiff to develop its property as a park site; that section 8–1 of the Park District Code (Ill. Rev. Stat. 1981, ch. 105, par. 8–1) gave plaintiff complete power and control over the property in ques-

tion even though the property was located outside of plaintiff's legal boundaries; that an actual controversy existed between plaintiff and defendant concerning the use of the described property as a park site; and that plaintiff was entitled to a declaration of rights. Plaintiff asked the trial court to enter a declaratory judgment to the effect that the defendant village had no jurisdiction over the site and that plaintiff could use its property for park purposes. Count II of the complaint prayed that the court find that defendant's zoning ordinance, which prohibited the use of plaintiff's property for park purposes, was unconstitutional.

In its motion for summary judgment, plaintiff contended that section 8—1 of the Park District Code (Ill. Rev. Stat. 1981, ch. 105, par. 8—1) provides it with complete power to manage and control all property of its district whether located within or without its boundaries. Defendant conceded that plaintiff had total control of all property within its own boundaries, but argued that outside its boundaries, plaintiff was a mere landowner no different than any other landowner, and therefore subject to defendant's reasonable zoning regulations.

On October 27, 1983, the trial court found, *inter alia*, that there were no material issues of fact in controversy; plaintiff owned a parcel of land located outside of its legal boundaries and within defendant's boundaries; and section 8—1 of the Park District Code provides that a park district shall have the same power over lands that it owns concerning the construction, laying out and operation of its parks, whether that land was within or without such park district. The trial court granted summary judgment in favor of plaintiff and against defendant, and permanently enjoined defendant from interfering with or enforcing any of its ordinances against the operation or construction of a park site on plaintiff's land. Count II was not decided by the trial court and is still pending. The trial court further found that there was no just reason for delay in the enforcement of its order.

Defendant appeals from the trial court's order.

OPINION

The primary question that we are presented with on appeal is whether a park district has the right to establish a park outside of its own boundaries, free from regulation by the municipality in which it is located.

Section 8—1 of the Park District Code (Ill. Rev. Stat. 1981, ch. 105, par. 8—1) provides in part that:

"Every park district shall *** have and exercise the fol-

lowing powers:

* * *

(b)(1) To acquire by gift, devise, grant or purchase, or by condemnation under the Eminent Domain Act, any and all real estate, or rights therein necessary for building, laying out, extending, adorning and maintaining any such parks, *** or for effecting any of the powers or purposes granted under this code ***, *whether such lands be located within or without such district*; provided however, that no park district, except as provided in paragraph (2) of this subsection, shall have any power of condemnation *** as to any real estate *** or other property situated outside of such district, but shall only have power to acquire the same by gift, devise, grant or purchase, and such district shall have the same control of and power over lands so acquired *without the district as over parks, *** within such district.*" (Emphasis added.)

Defendant contends that the foregoing statute must be interpreted to limit plaintiff's authority outside of its boundaries. Defendant concedes that section 8—1 does give plaintiff absolute power within its boundaries, but argues that the statute does not confer the same authority outside of those boundaries. Conversely, plaintiff contends that section 8—1 gives park districts total control over its parks regardless of whether those parks are located within or without its boundaries.

Preliminary to our resolution of this question, we must first consider plaintiff's motion to take judicial notice of two ordinances which were enacted on February 8, 1984. One of the ordinances, enacted by the Bedford Park District, provided for the disconnection of the subject property from its district. The other ordinance was enacted by the plaintiff park district and provided for the annexation of the subject property into the South Stickney Park District.

■■ Defendant argues that plaintiff's motion is inappropriate in this case, and posits that this court cannot take judicial notice of the ordinances because the trial court did not do so at the time of plaintiff's motion for summary judgment. We disagree with defendant's position, as it is obvious that because the ordinances in question were enacted four months *after* the trial court's order, it was impossible for the trial court to recognize these ordinances. Further, defendant's reliance on *Freehling v. Development Management Group, Inc.* (1979), 75 Ill. App. 3d 243, 393 N.E.2d 646, is misplaced. *Freehling* involved an attempted amendment of the trial court record with evidence which had occurred after trial. In the present case, plaintiff park dis-

trict does not attempt to amend the trial court record, but seeks the judicial notice of this court as to the involved ordinances.

Sections 8—1001 and 8—1002 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, pars. 8—1001 and 8—1002) allow this court to take judicial notice of any and all statutes and ordinances which pertain to the case (see *Lopez v. Fitzgerald* (1977), 53 Ill. App. 3d 164, 169, 368 N.E.2d 356, *aff'd* (1979), 76 Ill. 2d 107, 390 N.E.2d 835), and we may, of course, take judicial notice of facts showing that a controversy no longer exists. (*First National Bank v. Kusper* (1983), 98 Ill. 2d 226, 233, 456 N.E.2d 7.) It is clear that the two ordinances in question are proper subjects for judicial notice by this court, and we conclude that the parcel of land in question is now within the corporate boundaries of plaintiff park district.

■ Having taken judicial notice of the above ordinances, the dispositive issue in this case becomes whether this controversy is moot.

A matter is considered to be moot when it "presents or involves no actual controversy, interests or rights of the parties, or where the issues have ceased to exist." (*People v. Redlich* (1949), 402 Ill. 270, 278-79, 83 N.E.2d 736.) It is the duty of this court to decide actual controversies which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it (see *Kohan v. Rimland School for Autistic Children* (1981), 102 Ill. App. 3d 524, 527, 430 N.E.2d 139), as decisions of this nature could have an advisory effect only. *People ex rel. Black v. Dukes* (1983), 96 Ill. 2d 273, 276-77, 449 N.E.2d 856.

In the present case, defendant bases its appeal in part on the appropriateness of the trial court's holding that section 8—1 of the Park District Code (Ill. Rev. Stat. 1981, ch. 105, par. 8—1) provides that a park district shall have the same power over lands that it owns, regardless of whether those lands are inside or outside the boundaries of: such park district. However, defendant has admitted in the trial court and in its appellate brief that the plaintiff park district *does* have absolute power to establish a park site within its *own* boundaries. The ordinances that we have judicially noticed now locate the parcel in question inside the plaintiff's legal boundaries. Therefore, it is clear to this court that no controversy among the parties exists. Both parties agree that now that this property is within plaintiff's legal boundaries, plaintiff has absolute power to establish a park, and defendant's plans for the property are irrelevant.

We find that there is no continuing or recurring controversy which exists between the adverse parties for which a judicial decision

would be of any consequence. When it becomes apparent that an opinion on a question of law cannot affect the result as to the parties or controversy in the case before it, the court should not resolve the question merely for the sake of setting a precedent to govern further cases. (*Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 251, 384 N.E.2d 1309.) We will therefore refrain from consideration of defendant's contention that the trial court erred in granting summary judgment in favor of plaintiff, as we find this controversy moot.

The controversy having become moot between the parties, we hereby vacate the judgment order as to count I of plaintiff park district's complaint, and remand the cause, with directions to dismiss the complaint as to count I and any further actions consistent with this opinion.

Vacated and remanded with directions.

SULLIVAN and PINCHAM, JJ., concur.