ROBERT J. LEHNHAUSEN, Director, Department of Local Government Affairs, Plaintiff-Appellant, *v.* ANTHONY DOWNS *et al.;* Defendants-Appellees.

First District (5th Division) No. 61753

Opinion filed March 12, 1976.

William J. Scott, Attorney General, of Chicago (Robert A. Tingler, Assistant Attorney General, and Paul M. Sengpiehl, Office of Financial Affairs, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Paul P. Biebel, Jr., and Henry A. Hauser, Assistant State's Attorneys, of counsel), for appellees P. J. Cullerton and George M. Keane.

Albert E. Jenner, Jr., and Keith F. Bode, both of Chicago, for appellee Anthony Downs.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, in his capacity as Director of the Illinois Department of Local Government Affairs, filed three complaints seeking to enforce subpoenas against defendants or alternatively to cite defendants for contempt of court. (*Lehnhausen v. Cullerton,* No. 72 L 10209; *Lehnhausen v. Downs,* No. 72 L 9957; and *Lehnhausen v. Keane,* No. 72 L 11597.) Defendants filed motions, supported by memoranda of law, to dismiss each of the complaints, and the causes of action were consolidated. The trial court denied the relief sought by dismissing the complaints. Plaintiff appeals from that order. Because of constitutional questions raised in the trial court's ruling, plaintiff petitioned for direct appeal to the Illinois Supreme Court, which, after consideration, declined to entertain the appeal and transferred it for further proceedings to the Appellate Court for

the First District. Plaintiff contends that: (1) the subpoenas are not vague or overly broad; (2) the issuance of subpoenas to members of the Cook County Board of Tax Appeals does not interfere with their quasi-judicial function; (3) plaintiff is authorized to issue subpoenas to individuals and corporations; (4) plaintiff is authorized to seek individual assessment data from prior tax years in order to perform its statutory obligation; (5) the enactment procedure by which the Department of Local Government Affairs was created does not violate the constitutional prohibition against amended by reference; and (6) the statutory powers accorded to the Department of Local Government Affairs do not violate the home rule provisions of the 1970 Illinois Constitution.

The undisputed facts relevant to this appeal follow.

In 1972, the Illinois Department of Local Government Affairs initiated an investigation of assessment practices throughout Illinois and requested certain information from defendants. Defendants are: (1) an executive from Real Estate Research Corporation, a consulting firm hired by Cook County to recommend changes in the method by which property is assessed in Cook County, and (2) either elected officials or employees of the Cook County Assessor's Office, the Cook County Board of Tax Appeals, or the Cook County Board of Commissioners. After its requests were refused, the Department, pursuant to section 131(7) of the Illinois Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 612(7)), directed subpoenas to defendants requesting that they appear on a designated day with certain documents to testify about matters that would be specified when they appeared. The subpoena issued to Anthony Downs, senior vice-president of Real Estate Research Corporation, requested that he bring all documents relating to any studies that Real Estate Research Corporation might have made or was making for the Cook County Assessor's Office. The subpoenas issued to P. J. Cullerton, Assessor of Cook County, Thomas Tully and Dennis Dunne, members of Cullerton's staff, requested that they bring all documents containing information which Real Estate Research Corporation might have used or was using in its studies as well as additional information concerning assessment practices in Cook County. The subpoena issued to Stanley Wojcik, an employee of the Cook County Board of Commissioners, requested that he bring all documents containing computerized data developed in conjunction with any study which Real Estate Research Corporation might have made or was making for the Cook County Assessor's Office. The subpoenas issued to George M. Keane and Harry H. Semrow, members of the Cook County Board of Tax Appeals, and Donald Erskine, a member of their staff, requested

that they bring complaint forms and all accompanying records for 417 specific property assessment complaints filed in 1971. Defendants did not respond to the subpoenas.

Thereafter, plaintiff filed three petitions to compel compliance with the subpoenas or, in the alternative, to cite defendants for contempt of court. In response, defendants filed motions, supported by memoranda of law, to dismiss each of the petitions. In their motions they made various constitutional and statutory contentions, including contentions concerning amendment by reference and home rule in which the constitutional status of the Department of Local Government Affairs was challenged.

The three causes of action were consolidated, and, after hearings on October 23, and December 7, 1972, defendants' motions to dismiss were granted by orders dated December 14, 1972. The basis for the entry of these orders was stated orally at the December 7 hearing at which the trial court, without intending to limit the reasons for its decision, specifically upheld defendants' contentions concerning amendment by reference and home rule, and concluded by stating:

"[F]or [these] reasons and the other reasons which are set forth in the motions to dismiss, the Court will enter an order as to each of the cases, granting the motions to dismiss  *  *  *."

No basis for the trial court's decision was articulated in its subsequent written orders.

OPINION

By the time this case reached the appellate court, the underlying controversy between plaintiff and defendants had, through action on the part of the Illinois Department of Local Government Affairs, become moot. In his oral argument before the appellate court, plaintiff's counsel admitted that the Department no longer needed the data requested in the subpoenas issued to defendant. The Illinois Supreme Court has repeatedly declared:

"Where the issues involved in the trial court no longer exist, an appellate court will not review a case merely to decide moot or abstract questions, to establish a precedent, or to determine the right to, or the liability for, costs, or, in effect, to render a judgment to guide potential future litigation." *La Salle National Bank v. City of Chicago,* 3 Ill. 2d 375, 378-79, 121 N.E.2d 486.

Since the issues which were involved in the trial court no longer exist, we believe that the most appropriate disposition of the matters before us is to dismiss plaintiff's appeal. However, to leave the judgment of the trial court in effect when based upon a nonexistent con-

troversy would render a disservice to the litigants involved and would allow the type of precedent to exist which our Supreme Court sought to avoid in *La Salle National Bank v. City of Chicago*.

For this reason, we reverse the judgment of the circuit court of Cook County and remand with directions to enter a judgment dismissing this proceeding as moot. In so doing, we are not expressing any opinion with regard to the constitutional issues which were involved in this case.

Reversed and remanded with directions.

SULLIVAN and BARRETT, JJ., concur.