NORTH AMERICAN COLD STORAGE COMPANY, Peterlin Building Corporation, LaSalle National Bank as Trustee under Trust No. 44891, and Harriet M. Rosene and Lois M. Spector, d/b/a Sherone Apartments, Plaintiffs,

v.

COUNTY OF COOK, P. J. Cullerton, Individually and as Assessor of Cook County, Thomas M. Tully, Individually and as Assessor of Cook County, Harry H. Semrow, Individually and as a member of the Board of Appeals of Cook County, Seymour Zaban, Individually and as a member of the Board of Appeals of Cook County, and Robert J. Lehnhausen, Frank A. Kirk, John Castle and J. Thomas Johnson, Individually and as Directors of the Illinois Department of Local Government Affairs, Defendants.

No. 78 C 3533.

United States District Court, N. D. Illinois, E. D.

April 10, 1979.

James L. Fox, Abramson & Fox, Chicago, Ill., for plaintiffs.

Michael F. Baccash, Asst. State's Atty. of Cook County (county defendants), Chicago, Ill., Herbert Lee Caplan, Asst. Atty. Gen. of State of Illinois (state defendants), Chicago, Ill., for defendants.

## MEMORANDUM OPINION

GRADY, District Judge.

This is an action by plaintiffs, as taxpayers, seeking compensatory and punitive damages under 42 U.S.C. Section 1983 for injuries allegedly caused by various county and state taxing officials and by the County of Cook.[1] Plaintiffs allege that from 1972 through 1977, defendants have systematically, knowingly, intentionally, fraudulently and invidiously discriminated against them by assessing their property at levels not permitted by law.

The defendants fall into four groups. The first group consists of P. J. Cullerton, who was the Assessor of Cook County from 1958 to 1974, and Thomas M. Tully, who has been Assessor of Cook County from 1974 to the present and who prior to that time was the Deputy Assessor of Cook County. Cullerton and Tully were required by law to assess for taxation all real and personal property, not exempt, located in Cook County, Illinois, for the tax years 1972 to 1977. The second group of defendants, Harry H. Semrow and Seymour Zaban, are members of the Cook County Board of Appeals. As members of the Board of Appeals, it has been their duty, where assessment complaints have been filed before them, to review such complaints and order such assessments corrected if necessary. The third group of defendants are Directors of the Illinois Department of Revenue and the Illinois Department of Local Government Affairs ("the State defendants"). The Department of Local Government Affairs (formerly the Illinois Department of Revenue) is authorized to order a reassessment of all property when it appears that such reassessment is proper or necessary. The remaining defendant is the County of Cook, Illinois.

All of the defendants have moved to dismiss the complaint against them. Defendants assert that the complaint fails to state a claim upon which relief may be granted, that the action is barred by the prohibition found in 28 U.S.C. Section 1341, that the County of Cook is not a proper defendant to this action, that the action is barred by the applicable statute of limitations, and that the complaint against the State defendants is barred by a previous decision of the Circuit Court of Cook County. The motions to dismiss are denied.

Count I of plaintiffs' complaint is directed to the Assessor defendants and Cook County. According to the complaint, these defendants were required by law to assess commercial and industrial property at 40 per cent of fair cash value, and residential property for the tax years 1972 and 1973 at 40 per cent and for tax years thereafter at 33⅓ per cent of fair cash value. Cook County Ordinance No. COM 76815m of December 17, 1973. Property of plaintiffs, however, was allegedly assessed at substantially greater rates, requiring plaintiffs to pay excessive real estate taxes, suffer liens, and pay penalty interest when the excessive taxes were not paid on time. Plaintiffs allege that the Assessor defendants regularly conferred special benefits and favors on numerous taxpayers. Plaintiffs further allege that these defendants, in making such disparate assessments, had full knowledge of the discriminatory impact of their conduct, through notice given by complaining taxpayers, notice received from the Cook County Board of Appeals, which had received complaints from taxpayers, through information contained in the Real Estate Transfer Declarations prepared and filed with the County in connection with every sale of real estate, and through official studies conducted by the Illinois Department of Local Government Affairs, which

1. Plaintiffs have requested leave to proceed as a class. We will decide whether to certify a class under Rule 23 only after the issue has been fully briefed by the parties.

showed, for example, that in 1975, the industrial and commercial property which was required to be assessed at 40 per cent of fair cash value was assessed as low as one per cent and as high as 986 per cent.

Count II of the complaint is directed to the Board of Appeals defendants and the county defendant. The Board defendants, while granting relief to some taxpayers, have allegedly denied relief to plaintiffs by failing to review complaints filed by plaintiffs and to order that improper assessments be corrected. Plaintiffs allege that these defendants also have intentionally reduced the assessments of certain taxpayers below the amounts required by law, thereby reducing the total assessed valuation in Cook County and causing an increase in tax rates to meet the levies of the taxing bodies. Defendants at all times are alleged to have had knowledge of the discriminatory system of assessments prevailing in Cook County through complaints filed with the board, ratio studies of the Department of Local Government Affairs, and data on Real Estate Transfer Declarations.

Count III of the complaint is directed to the defendant Directors of the Illinois Department of Local Government Affairs. Plaintiffs allege that these defendants, notwithstanding their knowledge of the illegal system of assessment in Cook County and their statutory authority to order all property in the County to be reassessed in conformity with the law, wilfully failed to order such reassessment.

■ We will first deal with defendants' contention that this suit cannot properly be brought under 42 U.S.C. Section 1983. The Seventh Circuit clearly rejected this argument and held that such an action for tax assessment discrimination is allowable in *Fulton Market Cold Storage Co. v. Cullerton,* 582 F.2d 1071 (7th Cir. 1978), *cert. denied,* —— U.S. ——, 99 S.Ct. 1033, 59 L.Ed.2d 82. Defendants argue, however, that this action is barred by 28 U.S.C. Section 1341. That statute provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law

where a plain, speedy and efficient remedy may be had in the courts of such State.

Defendants cite numerous cases to support their position that Section 1341 prohibits actions for tax refunds. *See, Kelly v. Springett,* 527 F.2d 1090 (9th Cir. 1975); *Bland v. McHann,* 463 F.2d 21 (5th Cir. 1972), *cert. denied,* 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973). Defendants do not and cannot deny, however, that the Seventh Circuit has unequivocally rejected their argument and ruled that Section 1341 is not a bar to actions such as the present one. *See, Fulton Market, supra.* This court, of course, is bound to follow the interpretation of the Seventh Circuit.

In *Fulton Market,* plaintiff alleged that the assessors of Cook County, members of the Cook County Board of Appeals, and Directors of the Illinois Department of Local Government Affairs, knowingly, intentionally, fraudulently and invidiously assessed its property at levels other than permitted by law. Obviously, these allegations are virtually identical to the allegations made in the instant case. In deciding that Section 1341 permitted an action for damages, the court noted that the purpose of the statute was to avoid federal disruption of the state court taxing process. Although a federal court injunction or declaratory judgment would "undermine and jeopardize a state's ability to collect its revenue" and "seriously damage the delicate balance inherent in our federalistic system," these concerns are not present in a suit for damages. 582 F.2d at 1078.

The language of the statute supports this interpretation. "The district courts shall not enjoin, suspend or restrain" suggests that Section 1341 was intended to bar only anticipatory or prospective relief, not relief which is retrospective. *Id.* Had Congress intended to bar actions for tax refunds, it could have used broader language.

■ Some of the defendants have moved to dismiss the complaint because suit is barred by the statute of limitations. Section 1983 actions are governed by the state

statute of limitations which would govern the most analogous state cause of action. *Jones v. Jones*, 410 F.2d 365, 366 (7th Cir. 1969), *cert. denied*, 396 U.S. 1013, 90 S.Ct. 547, 24 L.Ed.2d 505 (1970). Defendants urge that the two year statute of limitations found at Ill.Rev.Stat. ch. 83, Section 15 is applicable to the present case. That statute applies to "[a]ctions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversation . . . ." We are unable to see how these actions are in any way analogous to plaintiffs' claims. Rather, we believe that the five year statute of limitations which applies to actions "to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for . . . ," Ill.Rev.Stat. ch. 83, Section 16, is applicable. The present cause of action accrued when the excessive taxes were paid by plaintiffs. Only then, in light of the previous discussion of 28 U.S.C. Section 1341, could plaintiffs have maintained this suit to recover for excessive assessments. The complaint having been filed on September 1, 1978, we hold that only that part of the claim which relates to taxes paid prior to September 1, 1973, is barred by the statute of limitations.

The defendant Cook County, relying on *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), has moved that it be dismissed from the action because it cannot be held liable as an entity that has caused any injury within the scope of 42 U.S.C. Section 1983. In *Monell*, the Supreme Court held that municipalities and other local government units are amenable to suit under Section 1983. 436 U.S. at 690, 98 S.Ct. at 2035, 56 L.Ed.2d at 635. Such government units, however, cannot be held liable solely because they employ a tortfeasor. "[I]n other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id.* 436 U.S. at 691, 98 S.Ct. at 2036, 56 L.Ed.2d at 636.

Under *Monell*, a local government can be sued only

> when execution of a government's policy or custom, *whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy*, inflicts the injury . . . .

*Id.* 436 U.S. at 694, 98 S.Ct. at 2038, 56 L.Ed.2d at 638 (emphasis added). This language clearly indicates that action need not be taken pursuant to a specific legislative enactment to be considered the action of the government unit. Although *Monell* would prevent a county from being held liable for an isolated unconstitutional act by a government employee, an allegation that policy-making officials have engaged in a systematic, widespread discriminatory practice is sufficient to state a cause of action against the governmental unit under Section 1983. If the actions of the government officials are, in actuality, the actions of the government, the government may be held liable for those actions.

The County asserts that the County Board of Commissioners has no responsibility with respect to tax assessing; that only the Assessor and the County Board of Appeals have such responsibility. We do not believe, however, that a finding that the County Board acted unconstitutionally is a prerequisite to County liability. The County speaks not only through the County Board, but also through those who are statutorily authorized to set county policy. The Cook County Board of Commissioners is charged with the responsibility for classifying property for assessment purposes. Only the Assessor and the Board of Appeals, however, can be said to act for the County on any particular assessment. Under these circumstances, their actions may be said to be those of the County. Furthermore, it would be unfair to allow the County to reap the benefits of any discriminatory assessments while requiring the individual defendants to bear full responsibility for any judgment which may be rendered for plaintiffs.

428

■ Finally, the State defendants move for dismissal of the complaint against them, relying on a decision of the Circuit Court of Cook County which allegedly precluded them from reviewing Cook County assessment practices from 1972 through March 12, 1976. *Lehnhausen v. Downs*, Circuit Court of Cook County, Dec. 7, 1972. *Downs* involved an unsuccessful attempt by the Illinois Department of Local Government Affairs to enforce certain subpoenas to obtain documents relating to studies by a consultant hired by Cook County to recommend changes in assessment procedures. The Circuit Court, in a rather unclear oral opinion, dismissed the Department's petition to compel compliance with the subpoenas and made reference to the unconstitutionality of the establishment of the Department. On appeal, the case was dismissed as moot and the judgment of the circuit court was reversed. *Lehnhausen v. Downs*, 36 Ill.App.3d 940, 344 N.E.2d 762 (1976). Whether these defendants reasonably considered themselves precluded from reviewing tax assessments is a question of fact which must be resolved at trial. Plaintiffs' complaint alleges that defendants wilfully failed to order reassessments contrary to their statutory duty, and we note that during the period in question the Department of Local Government Affairs continued to conduct studies which allegedly put them on notice of the discriminatory assessments.

In conclusion, the defendants' motions to dismiss are denied except for that part of plaintiffs' complaint which concerns taxes paid prior to September 1, 1973.