(No. 32971.—            )

THE PEOPLE *ex rel.* Cairo Turf Club, Inc., Appellee, *vs.* CHALMER C. TAYLOR, Chairman Illinois Liquor Control Commission, *et al.*, Appellants.

*Opinion filed January 20, 1954.*

LATHAM CASTLE, Attorney General, of Springfield, (JOHN L. DAVIDSON, JR., WILLIAM C. WINES, FRED G. LEACH, and MARK O. ROBERTS, of counsel,) for appellants.

JOSEPH Z. SUDOW, and JULIAN B. VENEZKY, both of Peoria, and JAMES H. MANNS, of Springfield, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

The appellee filed a petition for a writ of *mandamus* in the circuit court of Sangamon County to compel the appellants, who constitute the Illinois Liquor Control Commission, to issue a State retailer's liquor license to appellee. The petition alleged that appellee had received a local license to sell alcoholic liquor at retail for the fiscal year ending December 31, 1952; that it had made application to the State commission for a State license under the terms and provisions of the Liquor Control Act, which, if issued, would have expired on June 30, 1953; that it had deposited the required license fee and that the State commission had refused to issue said license.

The answer of the appellants contains certain affirmative allegations to the effect that on January 24, 1952, Jake S. Rubin, president of the appellee corporation, was convicted of a violation of the Federal laws concerning the manufacture, possession and sale of alcoholic liquor; that on June 29, 1951, a license which had been issued to said Jake S. Rubin, doing business as Southern Wholesale

Liquor Company, was revoked for cause by order of the Illinois Liquor Control Commission; that supplemental sheet B attached to appellee's application for a State retailer's liquor license stated that Jake S. Rubin was convicted in the Federal court for an alleged violation of section 2857 of the Internal Revenue Laws of the United States; that the appellee is, therefore, by statutory provision ineligible to receive a State liquor license and the appellants are prohibited by law from issuing such license. Certified copies of the order of conviction and the order of revocation of the former license and also the application, together with its supplemental sheets, were attached to and made a part of appellants' answer.

The appellee filed its motion to strike portions of said answer. By agreement of counsel the cause was argued on the merits and no evidence was introduced. The circuit court denied the motion of appellee to strike and also denied the writ of *mandamus.* On appeal to the Appellate Court for the Third District, the judgment of the circuit court of Sangamon County was reversed and the cause remanded to that court with directions to issue the writ of *mandamus.* On application of the appellants, the Appellate Court issued its certificate of importance and granted appellants leave to appeal to the Supreme Court.

Appellee in its application for a State license answered question number 22 as to whether or not any officer, director, manager or stockholder of plaintiff-corporation had ever been convicted of a felony as follows: "No. See supplemental sheet B." Supplemental sheet B contained the following information: "On January 24, 1952, applicant's President, Jake S. Rubin, tendered his plea of Nolo Contendere in the District Court of the United States for the Eastern District of Illinois for alleged violation of Section 2857 of the Internal Revenue Laws. The plea of Nolo Contendere was accepted by the Court."

The issues presented to this court on appeal are two-fold: first, whether or not the Illinois Liquor Control Commission is empowered to refuse to issue a retailer's liquor license when it appears on the face of the application therefor that the applicant is ineligible under the provisions of the Illinois Liquor Control Act (Ill. Rev. Stat. 1951, chap. 43,) and, secondly, whether or not the matter has now become moot by reason of the fact that the license period in question has expired.

It is undisputed that the licensing period which was the subject matter of the proceedings in the trial court has expired. The Illinois Liquor Control Commission contends, however, that the question is not moot because it is one of public moment and cites as authority *People ex rel. Wallace* v. *Labrenz*, 411 Ill. 618, and *Smith* v. *Ballas*, 335 Ill. App. 418.

In the *Labrenz case* an infant's life was endangered by the refusal of its parents to consent to a necessary blood transfusion. At the time the case was before this court, the blood transfusion had been administered, the guardian discharged and the proceeding dismissed. Jurisdiction was retained there, however, on the ground "that the present case falls within that highly sensitive area in which governmental action comes into contact with the religious beliefs of individual citizens. Both the construction of the statute under which the trial court acted and its validity are challenged."

In *Smith* v. *Ballas*, 335 Ill. App. 418, the court said, "Although the issue has become moot because the period for which the license was sought has expired, this court recognizes the importance of the question involved, not only to the city of Carthage in the event of another application by appellant, but to other municipalities as well, and therefore will rule upon the case." Public interest was found in the fact that "neither the Appellate Court nor the

Supreme Court has heretofore construed this section of the Dram Shop Act relating to the distance between the location for which a license is sought and a school, and, more specifically, whether the word 'school' means the structure or the real estate."

No issues of such importance appear in this record. The pertinent sections of the Liquor Control Act which are involved in this case are section 13 of article III (Ill. Rev. Stat. 1951, chap. 43, par. 109,) section 2 of article VI (par. 120,) and section 1 of article VII (par. 145.) (Jones Ann. Stat. 68.016, 68.027 and 68.052.) These particular provisions were adequately considered in the case of *Retail Liquor Dealers Protective Ass'n* v. *Fleck,* 408 Ill. 219.

"The general rule is that when a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved or where the substantial questions involved in the trial court no longer exist, it will dismiss the appeal or writ of error." (*People* v. *Redlich,* 402 Ill. 270.) Public interest, therefore, must be very clear before an exception will be made to the general rule and the jurisdiction of this court will be invoked.

The instant case does not present the same urgent need by the people of Illinois for authoritative determination as the situation involved in the *Labrenz* and *Ballas cases.* Nor do we believe identical situations will occur with such frequency as to make imperative the need for a positive rule for the future guidance of public officials. The incidental interest of the public in all litigation is not sufficient to remove this case from the category defined as moot.

The question of the issuance of a State liquor dealer's license expiring June 30, 1953, having become moot, the appeal is dismissed.                    *Appeal dismissed.*