JOHN HILL *et al.*, Plaintiffs-Appellants, *v.* MORGAN MURPHY *et al.*, Defendants-Appellees.

(No. 57075;

First District (4th Division)—September 12, 1973.

*Rehearing denied October 16, 1973.*

Marshall Patner and Thomas R. Meites, both of Chicago, for appellants.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Edmund Hatfield, Assistant Corporation Counsel, of counsel,) for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This is an appeal from the order dismissing the petition for a writ of mandamus and injunctive relief *pendente lite* on the grounds that it fails to state a cause of action and is moot as alleged in defendants' motion to strike and dismiss.

The court found:

1. That the 1972 budget of the City of Chicago had been passed into law by the City Council of the City of Chicago.
2. That the relief sought by plaintiffs in their complaint is moot.
3. That as a matter of law section 42 of the Meetings of Public Agencies Act (Ill. Rev. Stat. 1969, ch. 102, sec. 42) does not apply to defendants as members of the Police Board of the City of Chicago when they review, approve and submit to the budget director the annual budget of the police department pursuant to section 3—7—3, of the Illinois Municipal Code (Ill. Rev. Stat. 1969, ch. 24, sec. 3—7—3.1).

The issues presented for review are:

1. Whether this case is moot, since the budget for 1972 has been enacted into law and the money spent.
2. Whether the Meetings of Public Agencies Act applies to the budgetary activities of the Chicago Police Board.

The trial judge dismissed this case on the ground of mootness. He noted that what was before him was a mandamus proceeding and that "the simple rule of mandamus is that it cannot be used to undo what has already been done."

This action was not filed until November 17, 1971. The hearing on the defendants' motion to strike and dismiss was not held until January 13, 1972. The judgment appealed from was entered January 14, 1972.

The plaintiffs' petition sought a writ of mandamus and injunctive relief *pendente lite* to compel the defendant members of the Police Board of the City of Chicago "to discuss, review, approve and submit the Chicago Police Department's budget for 1972 at meetings open to the public at large."

Section 7—19 of the Municipal Code of Chicago, Illinois, clearly requires the city comptroller "on or before the first day of December of each year preceding the year for which the estimates are made" to submit to the city council his report of the estimates of all city officials and heads of departments of the funds that will be required to carry on the

operations of their respective offices and departments during the ensuing calendar year. Obviously, the estimate of the police department of its financial needs during the coming year had to be in the hands of the city comptroller at a reasonable period of time before December 1, 1971, so that the comptroller would be able to intelligently incorporate it into his own report. The hearing before the trial judge did not occur until more than six weeks after the defendants were required by law to act and did act. By the time the judgment order appealed from was entered on January 14, 1972, the informational report of the city comptroller had been filed with the city council; the mayor, with the assistance of the budget director had, pursuant to section 3—11—8 of the Ill. Municipal Code (Ill. Rev. Stat. 1971, ch. 24, sec. 3—11—8), submitted the proposed budget to the city council; public hearings thereon had been held before the finance committee of the city council; the budget had been publicly debated in the city council and the budget, in its final form, had been *publicly* adopted by the city council and enacted into law. In fact, by the time the judgment order appealed from was entered, the budget had already been in force for more than a fortnight and substantial sums of money had already been spent in accordance with its provisions.

■■ Because the function of the courts is to decide controverted issues in adversary proceedings, moot cases which do not present live issues are not ordinarily entertained. *People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 622, 104 N.E.2d 769, 772.

A question is said to be moot when it presents or involves no actual controversy, interests or rights, or where the issues involved have ceased to exist. *Chicago City Bank and Trust Co. v. Board of Education* (1944), 386 Ill. 508, 519, 54 N.E.2d 498, 503.

■■ The general rule is that when a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved or where the substantial questions involved in the trial court no longer exist, it will dismiss the appeal. *People v. Redlich* (1949), 402 Ill. 270, 279, 83 N.E.2d 736, 741.

■■ It is true that Illinois recognizes the public interest exception to the mootness rule. This is, even though a case be moot in the normal sense, if the question is of substantial public interest, the case will be retained and the question decided. (*People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 622, 104 N.E.2d 769, 772.) The public interest must be very clear to prevent dismissal of an appeal involving only a moot question. (*People ex rel. Cairo Turf Club v. Taylor* (1954), 2 Ill.2d 160, 116 N.E.2d 880.) In determining whether or not a question is of sufficient public interest to warrant consideration, the rule is that certain criteria must be considered. These are: (1) The public nature of the question;

(2) the desirability of an authoritative determination for the future guidance of public officers, and (3) the likelihood of further recurrence of the question. Not merely one, but all three of these conditions must be fulfilled to bring an otherwise moot case within the public interest exception.

■■ This court so ruled in *Johnson v. Board of Education* (1967), 79 Ill.App.2d 22, 223 N.E.2d 434, 436, a case which involved the same statute before this court, that is, the Meetings of Public Agencies Act (Ill. Rev. Stat. 1963, ch. 102, sec. 42 *et seq.*). This court there held that the Meetings of Public Agencies Act is so clear that there is not sufficient public interest in a judicial interpretation of the statute to bring the *Johnson* case within the public interest exception to the mootness rule. In dismissing the appeal in *Johnson* as moot, Mr. Justice Dempsey, writing for a unanimous court, declared at page 25:

> "[The statute] (Ill Rev Stats, 1963, c 102, para 42) is concerned with the holding of public meetings by various public authorities. The language of this statute is unequivocal and no guidelines we might lay down could make for more clarity than already exists. Furthermore, whether or not a public body acted incorrectly under this statute would necessarily be dependent upon the particular facts of each situation that might arise and, for this reason, any determination that we might make would not be of great import to future cases."

The untimeliness of the instant appeal is similar to that in *Goers v. Carpentier* (1960), 27 Ill.App.2d 355, 169 N.E.2d 858. That was an appeal by the plaintiff in an administrative review proceeding brought against the Secretary of State, who had revoked the plaintiff's license to operate as a motor vehicle dealer for a certain year because of alleged fraudulent practices. The appeal was dismissed as moot because the year for which the revoked license had been issued had elapsed. The budget for 1972 for the Chicago Police Department has been enacted into law, and for the most part already spent.

As this court stated in *Blue Bird Air Service, Inc. v. City of Chicago* (1944), 321 Ill.App. 531, 540, 53 N.E.2d 471, 475:

> "It has been repeatedly held that a reviewing court should not be called upon to decide questions that no longer exist, merely for the sake of making a precedent * * *. *Wick v. Chicago Tel. Co.*, 277 Ill. 338; *People v. Sweitzer*, 329 Ill. 380; *Jones v. Clark*, 355 Ill. 527; *National Jockey Club v. Illinois Racing Commission*, 364 Ill. 630; *People ex rel. Jaros v. Jarecki*, 299 Ill.App. 382."

■■ We hold that the questions of mandamus and injunctive relief

*pendente lite* are moot. We, therefore, affirm the judgment of the circuit court of Cook County without reaching the question of whether the Meetings of Public Agencies Act applies to the budgetary activities of the Chicago Police Board.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BURMAN, P. J., and ADESKO, J., concur.