DAVID W. LERNER, Petitioner-Appellant, *v.* DONNA J. LERNER, n/k/a Donna J. Rountree, Respondent-Appellee.

First District (5th Division)    No. 79-239

Opinion filed May 30, 1980.

Howard LeVine and Ross B. Shugan, both of LeVine, Krupa, Wittenberg, Eisner, Newman & Silverman, of Harvey, for appellant.

James B. O'Brien, of Spagat & O'Brien, Ltd., of Chicago, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is an appeal from an order of the trial court granting a motion to dismiss a petition seeking a modification of a child custody order on jurisdictional grounds. The sole issue presented on appeal is whether the judicial circuit which entered the initial decree of divorce retained jurisdiction over custody matters despite the fact that respondent moved to Puerto Rico with the child. We dismiss this appeal because the question raised has become moot.

On June 9, 1971, David and Donna Lerner were divorced in the Circuit Court of Cook County, with Donna being given custody of their minor child. On June 8, 1976, the Circuit Court of Cook County gave Donna leave of the court to remove the minor child to Puerto Rico. On August 4, 1978, David filed a petition with the Circuit Court of Cook County seeking a modification of the divorce decree which would give him custody of the minor child. The issue raised on appeal was argued in the briefs on the basis of these facts. At oral arguments, counsel for David informed this court that Donna and the minor child had moved back into Illinois and that the case was once again before the trial court. Despite this change of circumstances, the parties did not move to dismiss this appeal but, rather, asked this court for what is in effect an advisory opinion on the question briefed.

OPINION.

In light of the return of Donna and the child to Illinois, the issue of the trial court's jurisdiction is no longer in dispute. Since the issue is no longer in dispute, it has become moot. (*Lehnhausen v. Downs* (1976), 36 Ill. App. 3d 940, 344 N.E.2d 762.) Generally, when only a moot question is involved, we should not resolve the question simply for the sake of setting a precedent for future litigation but should, instead, dismiss the action. (*Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 384 N.E.2d 1309; *Cahokia Sportservice, Inc. v. Illinois Racing Board* (1976), 41 Ill. App. 3d 69, 354 N.E.2d 83.) Occasionally, however, we will decide a moot question if the question is clearly of substantial public interest. (*Hill v. Murphy* (1973), 14 Ill. App. 3d 668, 303 N.E.2d 208.) A question is clearly of substantial public interest if (1) the question is public in nature; (2) it is desirable to

authoritatively determine the question for the future guidance of public officials; and (3) the question is likely to recur. (*Hill v. Murphy.*) Each of these circumstances must be clearly met before we will address ourselves to an otherwise moot case. *In re Johnson* (1977), 53 Ill. App. 3d 921, 369 N.E.2d 70.

We find that the question presented by this appeal is not clearly of substantial public interest. It is not a question that is appropriately characterized as public in nature. Rather, it is a question which is essentially of interest only to private litigants. Also, resolution of this question at this time is not necessary for the future guidance of any public officials. Though a resolution of this question would be helpful to a court which is confronted with a similar question, this is not the type of "guidance of public officials" which warrants discussion of an otherwise moot question. (See, *e.g., People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 104 N.E.2d 769.) Though the question raised in this appeal will likely recur, such a circumstance is not sufficient to warrant discussion of an otherwise moot question. See *In re Johnson.*

Appeal dismissed.

LORENZ and MEJDA, JJ., concur.