THE CITY OF CHICAGO, Plaintiff-Appellee, v. BERNARD LEVITON *et al.*, Defendants-Appellees (Zulma Estremera, Defendant-Appellant).

First District (3rd Division)   No. 84—2493

Opinion filed September 30, 1985.

Richard M. Wheelock and Cathleen Cohen, all of Legal Assistance Foundation, and James O. Latturner, both of Chicago, for appellant.

James D. Montgomery, Corporation Counsel, of Chicago (Philip L. Bronstein and Julie Elena Brown, Assistant Corporation Counsel, of counsel), for appellee City of Chicago.

Susan Ghelerter, of Vihon, Fuchs, Temple & Berman, Ltd., of Chicago, for other appellees.

JUSTICE McNAMARA delivered the opinion of the court:
The city of Chicago filed suit against defendants, the owners and

managers of an apartment building, seeking to remedy hazardous conditions created by multiple building code violations in the building and in a basement apartment. The basement apartment was rented and occupied by Zulma Estremera and her children. The trial court subsequently entered an order directing defendants to vacate the Estremera apartment. The court also ordered the city to implead Estremera as a party to the action. Estremera sought to have the trial court modify the order to vacate, and appeals from the trial court's refusal to modify the order.

On September 14, 1983, the city filed suit against defendants citing 11 building code violations in the apartment building, including violations affecting the Estremera apartment. On December 1, 1983, the trial court entered a mandatory order of full compliance. On April 19, 1984, the city filed an amended complaint citing a total of 25 building code violations, again including violations affecting the Estremera apartment. On September 13, 1984, defendants asked the court for an order to vacate the basement apartment in order to accomplish the necessary repairs. The trial court continued the motion and ordered that Estremera be impleaded. On September 27, 1984, the trial court ordered defendants to have the basement apartment vacated. On October 6, 1984, Estremera was served with process and on October 10, 1984, she sought to have the order to vacate the apartment modified.

Estremera requested modifications that would require defendants to move her and her family to a vacant apartment in the same building until repairs were completed, and to later move her back into the repaired basement apartment. The trial court termed this motion to be a request for a preliminary mandatory injunction and stated that the court did not have the authority to enter it and that Estremera had an adequate remedy at law.

Estremera contends on appeal that the trial court had no jurisdiction to enter the order to vacate because she was a necessary party and had not been served with process; that the order to vacate was unnecessarily overbroad and should be modified to protect her; and that she had no adequate remedy at law because the promptness demanded by the vacate order forced her to find alternative housing immediately, before any legal remedy could be obtained.

Defendants, however, have filed a motion to dismiss the appeal on the ground that it is moot. Estremera has advised defendants that she has found suitable housing and does not wish to move back into the apartment. All parties agree that the matter is moot. Estremera, however, argues that the public interest exception to the mootness

rule applies here, and that we should decide the case.

When the reviewing court has notice of facts showing that the substantial questions involved at the trial court level no longer exist, the appellate court should dismiss the appeal. (*People ex rel. Black v. Dukes* (1983), 96 Ill. 2d 273, 449 N.E.2d 856; *People v. Redlich* (1949), 402 Ill. 270, 83 N.E.2d 736.) An appellate court will not review a case merely to resolve moot or academic questions, to establish precedent, or to render a judgment for the guidance of future litigants. *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 121 N.E.2d 486; *South Stickney Park District v. Village of Bedford Park* (1985), 131 Ill. App. 3d 205, 475 N.E.2d 616; *Hill v. Murphy* (1973), 14 Ill. App. 3d 668, 303 N.E.2d 208.

Illinois recognizes an exception to the general rule prohibiting courts from hearing moot issues. The exception allows a court to resolve moot issues when they involve a substantial public interest. (*People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 104 N.E.2d 769, *cert. denied* (1952), 344 U.S. 824, 97 L. Ed. 642, 73 S. Ct. 24.) The test for determining whether a sufficient degree of public interest exists requires that three elements be examined: (1) the public nature of the question presented; (2) the need for an authoritative determination for the future guidance of public officials; and (3) the likelihood of recurrence of the question. (*People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 104 N.E.2d 769, *cert. denied* (1952), 344 U.S. 824, 97 L. Ed. 642, 73 S. Ct. 24.) Illinois courts apply the public interest exception narrowly and require each criterion to be met to avoid dismissal of moot questions on appeal. (*People ex rel. Cairo Turf Club, Inc. v. Taylor* (1954), 2 Ill. 2d 160, 116 N.E.2d 880; *Kohan v. Rimland School for Autistic Children* (1981), 102 Ill. App. 3d 524, 420 N.E.2d 139; *In re Johnson* (1977), 53 Ill. App. 3d 921, 369 N.E.2d 70.) The facts presented in the present case do not fall under the public interest exception.

The first part of the *Labrenz* test requires that cases applying the exception involve issues of substantial importance to the public. (*In re Haymer* (1983), 115 Ill. App. 3d 349, 450 N.E.2d 940 (removing child's life support system); *Illinois Environmental Protection Agency v. Pollution Control Board* (1980), 88 Ill. App. 3d 71, 410 N.E.2d 98, *rev'd on other grounds* (1982), 86 Ill. 2d 390, 427 N.E.2d 162 (regulating environmental matters); *People v. Clayborn* (1980), 90 Ill. App. 3d 1047, 414 N.E.2d 157 (detaining juvenile beyond mandatory statutory limit without hearing); *Ballew v. Edelman* (1975), 34 Ill. App. 3d 490, 340 N.E.2d 155 (amending public interest standards).) The present case lacks any comparable issue of public interest.

Each building code enforcement case is unique, and the issue of providing alternative housing while repairs are being made would have to be decided on a case-by-case basis. The many individual differences in each case might include the nature of the property involved; the number of building code violations; the extent of repairs necessary; the length of time the tenant must be absent from the apartment; the availability of vacant apartments and ownership of those apartments; the comparability of the defective apartment with the temporary apartment in size and location; the lease provisions, if any; and the tenant's desire to return to the apartment. The numerous individual questions involved in this issue preclude our finding that the public's interest in the issue is so strong as to cause us to overlook facts that make this case moot. (*Trust Co. v. Covnot* (1954), 3 Ill. 2d 553, 121 N.E.2d 779; *Kohan v. Rimland School for Autistic Children* (1981), 102 Ill. App. 3d 524, 40 N.E.2d 139; *Lerner v. Lerner* (1980), 84 Ill. App. 3d 721, 405 N.E.2d 1328.) The fact that plaintiff here acted in an official public capacity is not sufficient to justify our finding that this is a question of substantial interest. *Johnson v. Board of Education* (1967), 79 Ill. App. 2d 22, 223 N.E.2d 434.

Although we believe that Estremera also has failed to show that the present case meets the other requirements of the *Labrenz* test—the need for an authoritative determination which can provide future guidance, and a likelihood of recurrence of the question—we consider it unnecessary to discuss those requirements. In order for the public interest exception to the principle of mootness to come into play, all three parts of the *Labrenz* test must be met. (*Lerner v. Lerner* (1980), 84 Ill. App. 3d 721, 405 N.E.2d 1328.) Thus, the absence of an issue of substantial importance to the public compels the result that the public interest exception to mootness should not be applied here. Accordingly, we decline to address the merits of the case.

For the reasons stated, the appeal from the order of the circuit court of Cook County is dismissed.

Appeal dismissed.

WHITE, P.J., and RIZZI, J., concur.