(No. 68846.—

THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.*
CECIL A. PARTEE, Petitioner, v. THE HONOR-
ABLE MICHAEL J. MURPHY, Respondent.

*Opinion filed January 24, 1990.*

Cecil A. Partee, State's Attorney, of Chicago (Joan S. Cherry, Deputy State's Attorney, and Daniel E. Cannon, Assistant State's Attorney, of counsel), for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (William G. Sullivan, Special Assistant Attorney General, of Chicago, of counsel), for respondent.

JUSTICE RYAN delivered the opinion of the court:

The State's Attorney seeks a supervisory order against Judge Michael J. Murphy of the circuit court of

Cook County, directing him to find that there is no conflict of interest for the State's Attorney to represent the county treasurer and the county clerk in their official capacities in a tax indemnity proceeding. For the reasons stated below, we find that resolution of the issue would constitute an advisory opinion and, therefore, we remand the matter for further proceedings in the circuit court of Cook County.

Section 247a of the Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, par. 728a) creates an indemnity fund. The monies in the fund are derived from a fee imposed on each item purchased at delinquent tax sales. (Ill. Rev. Stat. 1987, ch. 120, par. 728a(1).) The owner of real estate which is erroneously sold at a tax sale may petition the circuit court which issued the tax deed, seeking compensation from monies in the indemnity fund. (Ill. Rev. Stat. 1987, ch. 120, par. 728a(6).) The property owner must allege that the loss was not the result of his fault or negligence and that he cannot bring an action for the recovery of the real estate. (Ill. Rev. Stat. 1987, ch. 120, par. 728a(5).) If the court determines that the owner is equitably entitled to compensation for his loss, it may direct the treasurer to pay the property owner the fair cash value of the real estate as of the date the tax deed was issued, less any mortgages or liens thereon. Ill. Rev. Stat. 1987, ch. 120, par. 728a(5).

The issue in this case stems from a petition for indemnity James and Helen McGee filed in the circuit court of Cook County against Edward J. Rosewell, Cook County treasurer, as trustee of the indemnity fund. The petition was filed in accordance with section 247a of the Revenue Act (Ill. Rev. Stat. 1987, ch. 120, par. 728a), and sought indemnity for their property loss as a result of a tax deed which was issued after a tax delinquency sale. The State's Attorney, pursuant to his statutory obligation (Ill. Rev. Stat. 1987, ch. 14, par. 5(4)), filed an ap-

pearance on behalf of the treasurer. After discovery was concluded, the case was set for trial on June 2, 1989, before Judge Michael J. Murphy.

A provision in the indemnity fund statute allows the treasurer to bring a third-party complaint against "a person, other than the tax deed grantee and its successors in title, not a party to the action who is or may be liable to him, as subrogee, for all or part of the [indemnity] petitioner's claim against him." (Ill. Rev. Stat. 1987, ch. 120, par. 728a(6).) One of the allegations in the McGees' petition was that their property was sold at the tax sale as a result of a clerk in the office of the county clerk of Cook County erroneously informing them that there were no unpaid taxes on the property. The trial court believed that the allegation in the McGees' complaint may form the basis for a third-party action, pursuant to section 247a(6) (Ill. Rev. Stat. 1987, ch. 120, par. 728a(6)), by the treasurer as subrogee against the county clerk.

At the June 2 trial date, the trial judge expressed his concern, and that of the other judges in the division, in presiding over a number of tax indemnity cases in which there is an allegation of errors by employees of the county clerk's office. He believed that the State's Attorney's representation of the treasurer was ethically in conflict with his other statutory obligation as attorney for the county clerk because of the allegation of a clerk's error and the possibility of an action by the treasurer against the clerk. The judge recommended that the State's Attorney not represent the treasurer. This recommendation was based in part on his belief that the indemnity fund was similar to a private fund and thus the greater obligation would be to represent the clerk and to protect the clerk's public funds. Though he emphasized that he did not believe that any particular assistant State's Attorney or even the State's Attorney himself

had acted unethically, he believed that there was an appearance of impropriety under Canon 9 of the Code of Professional Responsibility and that the State's Attorney should have declined, under Rule 5—105 (107 Ill. 2d R. 5—105), to represent the treasurer. He stated that if the State's Attorney requested, the judge would appoint a special assistant State's Attorney to investigate the viability of a third-party action. The special assistant would then be paid out of the indemnity fund.

The assistant State's Attorney informed the judge that he had investigated the allegations against the clerk's employee and the employee's testimony would contradict the accusations in the petition. He argued that under such circumstances the treasurer could not bring a third-party action against the clerk and no conflict thus occurred. Also, a representative of the treasurer informed the judge that the treasurer did not perceive a conflict and would allow the State's Attorney to represent him.

The judge stated that he felt obliged to do something in these cases because of the perceived conflict and because of his concern over the errors being made in the clerk's office. He agreed to let the trial proceed with the State's Attorney representing the treasurer but said that after its completion he would forward the transcripts of the proceedings regarding the conflict to the Attorney Registration and Disciplinary Commission (ARDC) for it to determine whether the State's Attorney was acting improperly.

After hearing the State's Attorney's arguments, the judge denied a request to stay the proceedings until a motion for a supervisory order could be filed, and he set the matter for trial on July 10, 1989. On June 23, 1989, the State's Attorney filed in this court a motion for a supervisory order and a motion to stay the trial court proceedings. We granted the motion to stay the underlying

proceedings pending disposition of the State's motion for a supervisory order.

The State's Attorney asks us to hold that the trial court's interpretation of the indemnity fund as "private" was improper. He then claims that we should "vacate" the trial court's decision to refer him to the ARDC because even if there is a conflict, according to this court's precedent, dual representation is allowed, and in support of this proposition he cites, *inter alia, Environmental Protection Agency v. Pollution Control Board* (1977), 69 Ill. 2d 394. In the alternative, he contends that no conflict is possible because the Revenue Act does not contemplate a third-party action by the treasurer against the county clerk. The Attorney General of Illinois represents respondent, Judge Michael J. Murphy, and in his brief argues that a third-party action is contemplated and that a conflict arises when a single assistant State's Attorney represents two statutory clients with conflicting interests.

First, we note that the trial court's perception of a conflict and subsequent recommendation did not turn on whether the fund was private or public. During argument before Judge Murphy on his interpretation of the indemnity fund, the judge declared that "[a]ssuming that [it is public], how do you answer to the appearance of impropriety?" And, later in the proceeding, he stated that the State's Attorney could choose to represent either the clerk or the treasurer, but he should not represent both when there is an allegation of clerk error, at least not until after a special assistant State's Attorney investigates the viability of a third-party complaint. Thus, he did not insist that the State's Attorney represent the clerk because the treasurer's indemnity fund was similar to private monies.

Next, on the issue of whether dual representation is allowed in a tax indemnity proceeding, we believe that in

resolving that question we would be rendering an advisory opinion. Our jurisdiction is restricted to cases which present an actual controversy, and we decline to issue advisory opinions on moot or abstract questions of law. (*People ex rel. Black v. Dukes* (1983), 96 Ill. 2d 273, 276; *In re Marriage of Wright* (1982), 89 Ill. 2d 498, 500; *Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 375.) An advisory opinion results if the court resolves a question of law which is not presented by the facts of the case. (See *Slack v. City of Salem* (1964), 31 Ill. 2d 174, 178 (court vacated trial court's resolution of a "hypothetical" constitutional issue).) If it is apparent that an opinion cannot affect the result as to the parties or controversy before it, the court should not resolve the question merely for the sake of setting a precedent to govern potential future cases. *Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 251; *28 East Jackson Enterprises, Inc. v. Rosewell* (1976), 65 Ill. 2d 420, 426.

The trial judge has taken no action with regard to the State's Attorney's participation in the tax indemnity proceeding. He has indicated his belief that something is wrong with the representation in cases where there is an allegation of error by the clerk. The judge felt that in order to resolve his discomfort, and perhaps to more fully understand why these errors are being made, after trial on the tax indemnity matter he would report the State's Attorney's actions to the ARDC. In his motion for a supervisory order, the State's Attorney requests that we "vacate the decision" by the trial judge to report him. We will not vacate statements made by a judge as to his likely future conduct on a question not at issue in a case. The trial judge has taken no action relating to the State's Attorney's performance of what he believes is his statutory duty. No order has been entered which would prevent representation of one statutory client because another statutory client was a participant in the lawsuit.

Most likely an advisory opinion would not be called for if there were such an order, and the State's Attorney disobeyed it, was held in contempt, and then sought review from the contempt order. See, *e.g., People v. Boclair* (1987), 119 Ill. 2d 368, 373; *People v. Redlich* (1949), 402 Ill. 270, 279.

At this point in the proceedings, the clerk's office is not a party and has not participated in the tax indemnity hearing. The suit before the trial court involved only the McGees and the treasurer. In arguments to the trial judge, the State's Attorney argued that he did not believe there was any conflict because the clerk was not a party and was not even his client under the circumstances of the case. The clerk may or may not become a party to the pending or related litigation. If he does, at that time the State's Attorney may then be called upon to represent the clerk. However, those facts do not now exist. Whether an impermissible conflict of interest would then exist is a question not now ripe for discussion. Any opinion on that issue at this time would be purely advisory.

In this case, one of the arguments that the State's Attorney has raised is that there can be no conflict because no third-party action is viable against the clerk. This argument is being posed without there yet having been an attempt to file a lawsuit against the clerk and without the benefit of the clerk's participation in the briefing and arguing of the viability of the cause of action. There are plausible arguments which could be made that a suit against the clerk is not intended by the statute, that other statutes prohibit such a claim, or that if there is a suit the plaintiff has a higher burden to meet before responsibility will be placed on a government official. Not having the appropriate fact situation on these and other possible arguments presented is exactly the situation we seek to avoid and why we have

adopted the widely accepted view that advisory opinions are unwise. See *People ex rel. Black v. Dukes* (1983), 96 Ill. 2d 273, 276-77.

The State's Attorney contends that we should address this issue because it is important and will arise again. Presumably, he is arguing that this case falls within the "public interest" exception to advisory opinions. (See *People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 622.) As stated earlier, when it is apparent that an opinion cannot affect the result as to the parties or controversy before it, a court should not resolve the question merely for the sake of setting a precedent to govern future actions. (*George W. Kennedy Construction Co. v. City of Chicago* (1986), 112 Ill. 2d 70, 76; *Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 251.) Only on rare occasions do we invoke the public interest exception (*People ex rel. Cairo Turf Club, Inc. v. Taylor* (1954), 2 Ill. 2d 160, 164 (degree of public interest and concern must be very clear); *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 380 (extraordinary degree of public concern and interest prompted our retention of jurisdiction in *Labrenz*)). This is not a case in which a question that was involved in the litigation has become moot and the public interest is such that we should decide the question. Instead, we have before us a question that has never been involved in the case from which this motion for supervisory order stems and we are now requested to give a purely advisory opinion on a hypothetical question. The public interest exception referred to above does not require advisory opinions on hypothetical questions.

The State's Attorney argues that consistent with *People ex rel. Livers v. Hanson* (1919), 290 Ill. 370, if it is later determined that a conflict existed, the case would have to be relitigated and therefore we should resolve the issue with a supervisory order. This interpretation

misconstrues the nature of the tax indemnity action and the effect of a determination by us of a conflict. First, the State's Attorney is defending the treasurer's indemnity fund in a suit brought by a taxpayer. If successful, the taxpayer will be compensated from the indemnity fund. The issue of an alleged conflict would arise in a third-party action between the treasurer and clerk. Such a suit has not been brought and at this time there is merely a hypothetical conflict. If there is a conflict in the State's Attorney's representation, it will not vitiate the tax indemnity trial. Moreover, the court in *Livers* held that as a result of a conflict the State's Attorney could not proceed in a *quo warranto* action and instead the Attorney General is the appropriate authority to file the action. (*Livers*, 290 Ill. at 374.) Such a holding may require relitigation of the third-party action, if, after proceeding, a court determines a conflict existed, but not of the tax indemnity proceeding. Therefore, it was not an error for the trial judge to allow the State's Attorney to represent the treasurer in the present proceeding. At this point we see no need to fear that the State's Attorney's representation may at a later time require relitigation of the tax indemnity trial such that we should now render an advisory opinion.

The State's Attorney also analogizes to *People v. Lackey* (1980), 79 Ill. 2d 466, where we issued a supervisory order affirming the appellate court's judgment that there was a conflict of interest when, in an adoption proceeding, the public defender represented a minor as guardian *ad litem* and an assistant public defender represented the parents. The public defender recommended termination of parental rights and the appointment of a guardian with power to consent to adoption. This position was clearly in conflict with the parents' interests, who were represented by the public defender's assistant. Unlike *Lackey*, in this tax indemnity proceeding the

State's Attorney is not now representing one party and one of his assistants representing another. Instead, there are the McGees and their private counsel opposing the treasurer, who is represented by an assistant State's Attorney. The situation in *Lackey* is distinguishable and properly warranted a supervisory order.

The State's Attorney contends that a supervisory order is warranted to resolve the issue presented in this pending case. However, supervisory orders (107 Ill. 2d R. 383) are not meant to be used as a mechanism for rendering advisory opinions. This cause more similarly resembles an original action. Our original jurisdiction is specifically restricted in the Illinois Constitution to cases relating to revenue, mandamus, prohibition or *habeas corpus* (Ill. Const. 1970, art. VI, §4(a); see also Ill. Const. 1970, art. V, §6(d); art. IV, §3), and we have established rules for proceeding in such an action (107 Ill. 2d Rules 381, 382). We have further recognized a need to exercise our supervisory powers (Ill. Const. 1970, art. VI, §16) to address issues in pending cases, and we have adopted Rule 383 (107 Ill. 2d R. 383) for filing motions for supervisory orders (see *People ex rel. Daley v. Suria* (1986), 112 Ill. 2d 26, 38 (this court may exercise its supervisory authority to require trial court to vacate orders entered in excess of its authority or as an abuse of its discretionary authority); *People ex rel. Carey v. Strayhorn* (1975), 61 Ill. 2d 85, 92). Though we ultimately do not reach the proposed issue in this case because of its advisory nature, we do not want to give the perception that a supervisory opinion is the proper way to proceed to resolve contested matters in the trial court.

The motion by the State's Attorney for Cook County for the issuance of a supervisory order is denied and the order staying the proceedings in the case entitled James McGee and Helen McGee, his wife, v. Edward J. Rose-

well, county treasurer, as Trustee of the Indemnity Fund, No. 88—CO—252, in the circuit court of Cook County is vacated.

*Remanded with instructions;*
*supervisory order denied;*
*stay order vacated.*