EDWARDSVILLE SCHOOL SERVICE PERSONNEL ASSOCIATION, IEA-NEA, Petitioner, v. ILLINOIS EDUCATIONAL LABOR RELATIONS BOARD *et al.*, Respondents.

Fourth District   No. 4—91—0903

Opinion filed September 24, 1992.

Gregory J. Malovance, William G. Miossi, and Steven E. Mitchel, all of Winston & Strawn, of Chicago, and Wanda Van Pelt, of Illinois Education Association-NEA, of Edwardsville, for petitioner.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Daniel N. Malato, Assistant Attorney General, of Chicago, of counsel), for respondent Illinois Educational Labor Relations Board.

Stephen A. Yokich and Mark S. Stein, both of Cornfield & Feldman, of Chicago, for respondent Edwardsville IFT-AFT.

JUSTICE COOK delivered the opinion of the court:

Petitioner, Edwardsville School Service Personnel Association, IEA-NEA, seeks administrative review of the order of the Illinois Educational Labor Relations Board (Board) (*Edwardsville Community Unit School District No. 7*, 8 Pub. Employee Rep. (Ill.) par. 1003,

Nos. 91—RC—0022—S, 91—RC—0023—S (Illinois Educational Labor Relations Board, Nov. 21, 1991) (hereinafter 8 Pub. Employee Rep. (Ill.) par. 1003)), finding that certain bargaining units were appropriate for collective bargaining purposes and ordering that a severance election be held. Petitioner also seeks review of the order certifying it as the exclusive bargaining representative for the existing unit.

On appeal, petitioner argues (1) the Board applied the wrong standard in determining whether a severance election should be authorized: that the decision ought not be based solely on whether the terms and conditions of employment of employees in a proposed unit are sufficiently specialized, unique, or different from other employees in the historical unit but should also require a showing that the incumbent has provided ineffective and unresponsive representation or the proposed unit has a demonstrated conflict with other segments of the existing unit (see *City of Chicago*, 2 Pub. Employee Rep. (Ill.) par. 3015, No. L—RC—85—17 (Illinois Local Labor Relations Board, June 2, 1986)); (2) the Board's decision allowing a severance election was against the manifest weight of the evidence, even under the standard applied; and (3) the Board exceeded its authority by looking beyond the petitioned-for units to establish an appropriate bargaining unit.

Since 1983, petitioner has been the exclusive bargaining representative of all classified or noncertified employees at Edwardsville Community Unit School District 7 (District). This bargaining unit is comprised of educational assistants, supervisors and monitors, cafeteria employees, clerks, custodial employees, maintenance workers and secretaries.

On April 29, 1991, the Edwardsville Federation of Secretarial Employees, IFT-AFT, filed a representation petition with the Board, pursuant to section 7(c)(1) of the Illinois Educational Labor Relations Act (Act) (Ill. Rev. Stat. 1991, ch. 48, par. 1707(c)(1)), seeking certification as the exclusive bargaining representative of a unit comprised of all secretarial employees, excluding the director of data processing, the secretary to the region II special education director, the secretary to the superintendent, the secretary to the assistant superintendent, the secretary to the assistant superintendent/personnel, the secretary to the director of business/finance, the district bookkeeper, and any other category of secretarial employee excluded by law. On May 10, 1991, the Edwardsville Federation of Educational Assistants, IFT-AFT, filed a similar petition, seeking certification as the exclusive bargaining representative of a unit of educational assistants, consisting of institutional and reading assistants, special education assistants, and extraordinary care assistants.

Petitioner and District 7 objected to the petitions. The acting executive director of the Board issued an order consolidating the petitions, and because a question of representation existed, a hearing was held on these petitions on May 20 and 21, 1991. At the hearing, the federations argued the existing unit of classified employees should not be treated as a historical unit entitled to special protection under the Act (see Ill. Rev. Stat. 1991, ch. 48, par. 1707(a)), and the petitioned-for units were appropriate units within the meaning of the Act. Conversely, petitioner asserted that the current unit was a historical unit, and the units sought by the federations were inappropriate because they did not have a special or unique community of interest. The District also contended the units sought were inappropriate because they would result in unit fragmentation.

On July 31, 1991, the hearing officer issued a recommended decision and order. (*Edwardsville Community Unit School District No. 7*, 7 Pub. Employee Rep. (Ill.) par. 1092, Nos. 91—RC—0022—S, 91—RC—0023—S (Illinois Educational Labor Relations Board, hearing officer's recommended decision and order, July 31, 1991) (hereinafter 7 Pub. Employee Rep. (Ill.) par. 1092).) He held the current bargaining unit of classified employees of the District was a historical unit entitled to protection under section 7(a) of the Act (Ill. Rev. Stat. 1991, ch. 48, par. 1707(a)) (7 Pub. Employee Rep. (Ill.) par. 1092, at IX—358 through IX—359); the two petitioned-for units were inappropriate within the meaning of the Act because the units would result in unit fragmentation (7 Pub. Employee Rep. (Ill.) par. 1092, at IX—359); and a combined unit of educational assistants and secretaries was an appropriate unit for bargaining (7 Pub. Employee Rep. (Ill.) par. 1092, at IX—359 through IX—360). He directed that an election be held among the educational assistants and the secretaries to determine whether they wanted to be represented by either of the federations or the petitioner. The hearing officer ordered that an election first be held among all the educational classified employees of the District to determine if a majority of noncertified educational employees would permit the educational assistants and secretaries to sever from the existing bargaining unit. 7 Pub. Employee Rep. (Ill.) par. 1092, at IX—360.

All parties filed timely exceptions to the hearing officer's decision and order. On September 11, 1991, the Board issued an order affirming the hearing officer's conclusion that the current unit of classified employees was a historical unit, but reversing his determination as to unit appropriateness. It held that the existing collective-bargaining unit of classified employees was appropriate; a separate bargaining

unit of educational assistants was appropriate; and a separate bargaining unit of secretarial employees was inappropriate, but a combined unit of secretaries and clerical employees (for whom no one had petitioned) was appropriate. Because the current bargaining unit was a historical unit, it directed an election be held among all employees in the current unit to vote on whether the educational assistants and secretarial employees and clerks should be allowed to sever from the existing unit. If the employees voted in favor of severance, it ordered that the educational assistants and the secretaries and clerks then vote on whether they wanted to be represented by the petitioner, the federations, or no representative.

An election was held on October 29, 1991. One hundred forty ballots were cast, none of which were challenged. Sixty-two votes were cast for allowing severance; 78 were cast against. Since a majority of votes were cast against severance, the Board on November 6, 1991, issued an order certifying that petitioner remained the exclusive representative of all classified employees at District 7.

On November 21, 1991, the Board issued an opinion and order explaining and supporting its September 11, 1991, order. (8 Pub. Employee Rep. (Ill.) par. 1003.) The Board stated the standard established in *University of Illinois*, 1 Pub. Employee Rep. (Ill.) par. 1136, No. 84—RD—0002—S (Illinois Educational Labor Relations Board, June 26, 1985), *Southern Illinois University (Carbondale)*, 3 Pub. Employee Rep. (Ill.) par. 1072, No. 86—RC—0024—S (Illinois Educational Labor Relations Board, June 16, 1987), and *Southern Illinois University (Carbondale)*, 3 Pub. Employee Rep. (Ill.) par. 1095, No. 86—RC—0024—S (Illinois Educational Labor Relations Board, July 23, 1987), governing whether severance elections should be held, was whether the terms and conditions of employment of the employees in the petitioned-for unit were so specialized, unique or different from those of the other employees in the unit that they should be afforded the opportunity to be separated from the overall unit. (8 Pub. Employee Rep. (Ill.) par. 1003, at IX—14.) In applying this standard, the Board concluded that there was sufficient basis to warrant a severance election among the employees of the historical unit to determine whether the educational assistants and the secretaries/clerical employees should be able to seek separate representation. It further stated it continued to adhere to a two-step analysis in severance cases, *i.e.*, "first to determine if severance is appropriate (using the *University of Illinois/Southern Illinois University* standard), and second to determine if the units sought for severance are appropriate units (using

our traditional Section 7 standards)." (8 Pub. Employee Rep. (Ill.) par. 1003, at IX—15.) Petitioner then brought this appeal.

We first consider the Board's argument the appeal is moot because no effectual relief can be granted. The federations raise the related jurisdictional argument that petitioner has not been "aggrieved" by a final order from which it can appeal (see Ill. Rev. Stat. 1991, ch. 48, par. 1707(d)).

■ An issue is considered moot if no actual controversy exists or where events occur which make it impossible for the court to grant effectual relief. (*Wheatley v. Board of Education of Township High School District 205* (1984), 99 Ill. 2d 481, 484-85, 459 N.E.2d 1364, 1366; *People v. Meece* (1987), 162 Ill. App. 3d 658, 660, 515 N.E.2d 1321, 1322.) The supreme court has held that a reviewing court must dismiss a pending appeal where the court has notice of facts which make it impossible to grant effective relief to either party. (*People v. Boclair* (1987), 119 Ill. 2d 368, 372, 519 N.E.2d 437, 438.) Courts are to decide actual controversies, and are not to decide moot or abstract questions, review cases merely to establish precedent, or render advisory opinions. (*Condon v. American Telephone & Telegraph Co.* (1990), 136 Ill. 2d 95, 99, 554 N.E.2d 206, 208; *People ex rel. Partee v. Murphy* (1990), 133 Ill. 2d 402, 408, 550 N.E.2d 998, 1001.) Courts of review will generally not consider issues where the results are not affected regardless of how the issues are decided. (*Condon*, 136 Ill. 2d at 99, 554 N.E.2d at 208.) When it becomes apparent that an opinion cannot affect the results as to the parties or the controversy before it, the court should not resolve the question merely for the sake of setting a precedent or to govern potential future cases. *Partee*, 133 Ill. 2d at 408, 550 N.E.2d at 1001; *Meece*, 162 Ill. App. 3d at 660, 515 N.E.2d at 1322; *Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 251, 384 N.E.2d 1309, 1311.

■ After careful consideration of the record before us, we hold the issues on appeal are moot. An election was conducted pursuant to the Board's order, and the existing unit voted not to allow severance. Petitioner, therefore, remained the exclusive representative of the existing bargaining unit, and the Board subsequently certified it as such. Under these circumstances, it cannot be said petitioner has an interest remaining that justifies our reaching the issues. Even if it were to prevail on the merits, the judgment would not have any practical effect in the instant controversy. It is clear that our resolution would not affect the result of the election or petitioner's status as the exclusive bargaining representative for the classified employees of the District. The fact that petitioner can gain nothing as to these petitions if

its position is upheld establishes that there is not a controversy in which this court can grant effective relief. Consequently, resolution of the issues on appeal will be nothing more than an advisory opinion.

It is equally clear the instant case does not fall within the recognized exceptions to the mootness doctrine. An exception to the mootness doctrine exists where the issue is likely to recur, and because of the short duration of the action involved, it would ordinarily be terminated before the question could be resolved by a court. (*Erday's Clothiers, Inc. v. Spentzos* (1992), 228 Ill. App. 3d 540, 550, 592 N.E.2d 615, 622; *Meece,* 162 Ill. App. 3d at 660, 515 N.E.2d at 1322.) This exception is limited to those situations where (1) the challenged action is in its duration too short to be fully litigated prior to its cessation, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again. *People v. Bailey* (1983), 116 Ill. App. 3d 259, 261-62, 452 N.E.2d 28, 30-31.

The foregoing factors are not satisfied in this case. Although a new representation petition may be filed again by the federations within the time constraints set forth in section 7(c)(2) of the Act (Ill. Rev. Stat. 1991, ch. 48, par. 1707(c)(2)), and therefore the situation may be capable of repetition, the challenged actions of the Board are not such as to evade review. If the same situation occurred again but this time the employees voted to allow severance and the severed units did not choose petitioner as their bargaining representative, petitioner could then seek meaningful review of those issues. Accordingly, it cannot be said that the issues are such as would otherwise evade administrative review.

Illinois courts also recognize an exception to allow a court to resolve moot issues when they involve a substantial public interest. (*People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 622, 104 N.E.2d 769, 772.) To determine whether the requisite degree of public interest exists requires examination of three elements: (1) the public nature of the question presented; (2) the need for an authoritative determination for the future guidance of public officials; and (3) the likelihood of reoccurrence of the question. (*Wallace,* 411 Ill. at 622, 104 N.E.2d at 772; *City of Chicago v. Leviton* (1985), 137 Ill. App. 3d 126, 129, 484 N.E.2d 438, 439-40; *Berrios v. Rybacki* (1989), 190 Ill. App. 3d 338, 344, 546 N.E.2d 651, 654.) Illinois courts apply the public interest exception narrowly and require each criterion to be met to avoid dismissal of moot questions on appeal. (*Chicago,* 137 Ill. App. 3d at 129, 484 N.E.2d at 440; *Kohan v. Rimland School for Autistic Children* (1981), 102 Ill. App. 3d 524, 527, 430 N.E.2d 139, 141.) The public interest exception is invoked only on rare occasions where the

degree of public interest and concern is "very clear" (*People ex rel. Cairo Turf Club, Inc. v. Taylor* (1954), 2 Ill. 2d 160, 164, 116 N.E.2d 880, 882) and an "extraordinary degree of public concern and interest" is involved (*La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 380, 121 N.E.2d 486, 488). See also *Partee*, 133 Ill. 2d at 410, 550 N.E.2d at 1002; *Hamer v. Board of Education of Township High School District No. 113* (1986), 140 Ill. App. 3d 308, 316, 488 N.E.2d 1096, 1102.

The issues on appeal do not so affect the public interest as to bring this case within the purview of the exception. Compare *Berrios*, 190 Ill. App. 3d at 344, 546 N.E.2d at 654-55 (court decided whether directives adopted by Illinois Industrial Commission were void, even though plaintiff had settled his claim, because issue was one of first impression and concerned all employees and employers defending claims before the Commission); *In re Haymer* (1983), 115 Ill. App. 3d 349, 356-57, 450 N.E.2d 940, 946 (appeal from trial court's order determining when legal death of child occurred for purposes of discontinuing life-support system was not rendered moot by fact that child died thereafter because refusal to consider the issue would render date of death uncertain); *Environmental Protection Agency v. Pollution Control Board* (1980), 88 Ill. App. 3d 71, 76-77, 410 N.E.2d 98, 103-04, *rev'd on other grounds* (1981), 86 Ill. 2d 390, 427 N.E.2d 162 (court reviewed an administrative decision to allow a steel mill to discharge noxious fumes because of the importance of environmental matters to the public health, despite the fact that certain regulations had been changed); *People v. Clayborn* (1980), 90 Ill. App. 3d 1047, 1052, 414 N.E.2d 157, 161 (court considered whether the failure to detain a juvenile without a hearing within 36-hour period required release until hearing was held, even though hearing had been held after statutory period and juvenile was released); *In re Estate of Brooks* (1965), 32 Ill. 2d 361, 364-65, 205 N.E.2d 435, 437-38 (even though blood transfusion had been given, court addressed the issue of whether an incompetent adult may be judicially compelled to accept treatment which will preserve her life but is forbidden by religious convictions and which has been previously refused); *Wallace*, 411 Ill. at 622-23, 104 N.E.2d at 772 (considered issue of whether parents can prevent an infant from receiving a needed blood transfusion on religious grounds, even though the infant had received the transfusion).

While severance cases will come before the Board again and petitioner has an institutional interest in the standard for resolving them, it won the election and the issues it now seeks to raise do not effect the extraordinary degree of public interest needed to require their

resolution here. A judicial interpretation of the Act is not of such public importance as to fall within the strictures of the exception.

Moreover, it is not primarily the public interest which petitioner seeks to advance but an institutional interest in protecting its position as the incumbent bargaining representative. While the test petitioner argues the Board ought to have employed would minimize fragmentation of bargaining units, it would interpose a significant burden to severance and so limit employees in the exercise of their options and rights guaranteed by the Act. These factors reinforce our decision that the public interest in this case does not overcome the factors which make the case moot. For the exception to apply, all factors must be shown, and here they are not.

For the foregoing reasons, the controversy is moot, and we dismiss the petition for review.

Appeal dismissed.

STEIGMANN and LUND, JJ., concur.