VIRDEN L. TROTTER *et al.*, Petitioners-Appellants, v. EDUCATION OFFICERS ELECTORAL BOARD OF CANTON UNION SCHOOL DISTRICT NO. 66, FULTON COUNTY, *et al.*, Respondents-Appellees.

Third District   No. 3—86—0731

Opinion filed August 12, 1987.

Keith K. Kost, of Kost & Kost, of Lewistown, and James H. Malmgren, of Malmgren Law Offices, Ltd., of Canton, for appellants.

Ralph Froehling, of Froehling, Taylor & Weber, of Canton, and Anthony G. Scariano, Robert H. Ellch, and Joanne P. Schochat, all of Scariano, Kula, Ellch & Himes, Chartered, of Chicago Heights, for appellee Education Officers Electoral Board of Canton Union School District No. 66.

Ralph Froehling, of Froehling, Taylor & Weber, of Canton, for other appellees.

JUSTICE STOUDER delivered the opinion of the court:

Canton School District No. 66 is a special charter school district organized pursuant to an Act adopted by the Illinois General Assembly in 1869. The District's board of education, which has always been an elected board, consists of five members. The appellants, individual residents of the Canton school district, filed a petition with the secretary of the board of education of Canton Union School District No. 66. The petition, which was filed pursuant to section 32—1.5 of the Illinois School Code (Ill. Rev. Stat. 1985, ch. 122, par. 32—1.5), requested that a proposition be submitted to the voters of the district to elect a board of education of seven members. The proposition was to be included on the ballot of the November 4, 1986, election.

The appellees, Larry Sprague, Verlyn K. Vaugh, and James F. Watts, filed objections to the petition. Each of the three objections was identical, except for the names of the objectors.

A hearing before the education officers of the electoral board of the Canton School District No. 66 was held on the petition and objections. The officers held the petition to be invalid and stated that no certification of any special referendum should be made at the November 4, 1986, election. The officers stated that section 32—1.5 was not applicable because Canton has always had an elected board, and section 32—1.5 only applies to those special charter districts which have a managing board. The officers further stated that if such a proposition was passed, the effect would be to "recall" the entire elected board. The officers felt that such a measure was not intended by the drafters of the Illinois School Code.

The appellants then filed a petition for judicial review with the Circuit Court of the Ninth Judicial Circuit, Fulton County, Illinois. The circuit court denied the appellants' petition for review. The appellants have appealed.

On appeal, the appellants contend that article 32 and section 32—

1.5 of the School Code are applicable to special charter school districts which have boards of education elected pursuant to provisions of their special charter. The appellees contend that since the election has passed, the appeal is moot. Both parties have raised additional issues. However, for the purposes of this appeal they need not be addressed.

The appellees' argument will be addressed initially, followed by the appellants' contention.

■■ Illinois recognizes the public interest exception to the mootness rule. The exception states that even though a case may be moot in the normal sense, if the question is of substantial public interest, the case will be retained and the question decided. (*Hill v. Murphy* (1973), 14 Ill. App. 3d 668, 303 N.E.2d 208.) In the instant case, the appellants obtained a large number of signatures in support of the petition. The petition sought to place a referendum upon the ballot of the November 4, 1986, election. The petition requested the voters to approve a proposition to elect a board of education of seven members, pursuant to the provisions of section 32—1.5 of the School Code. The statute was quoted in the body of the petition. The Canton Union School District consists of public schools whose policies are administered by public officials. Thus, because of the amount of public interest in having the question decided, the case falls within the public interest exception to the mootness rule.

■■ The appellants contend that article 32 and section 32—1.5 of the School Code are applicable to special charter school districts which have boards of education elected pursuant to provisions of their special charter. The appellees contend article 32 and section 32—1.5 are only applicable to school districts which have managing boards and are seeking to change to an elected board, and later, wish to increase their number. The appellees further argue that the appellants are not without a remedy. The appellees contend that section 10—23.7 of the Illinois School Code (Ill. Rev. Stat. 1985, ch. 122, par. 10—23.7) provides for parties who wish to add additional members to an elected school board. Section 10—23.7 provides that "[a] district may, and upon petition of 10% of the voters residing in such district, shall order submitted to the voters of such district the question whether Article 10 of the School Code shall be adopted." (Ill. Rev. Stat. 1985, ch. 122, par. 10—23.7.) If article 10 is adopted, a seven-member school board would be elected in the Canton Union School District. Section 10—10 provides:

"All school districts having a population of not fewer than 1,000 and not more than 500,000 inhabitants ***, and not gov-

erned by special Acts, shall be governed by a board of education consisting of 7 members \*\*\*.'' Ill. Rev. Stat. 1985, ch. 122, par. 10—10.

Although the appellees are correct in arguing that article 10 provides for a seven-member school board, this is not an exclusive remedy for school districts seeking to add additional board members. The Illinois School Code, article 32 and section 32—1.5 (Ill. Rev. Stat. 1985, ch. 122, par. 32—1.5), provides for the changing of a managing board to an elected board. The article also sets forth provisions for increasing the number of members on an elected board. The applicable provisions provide:

"Any special charter district may, by vote of its electors, determine to elect, instead of the managing board provided for by its special charter, a board of education which shall be elected at the time and in the manner as boards of education under Article 10 of this Act \*\*\*

Upon petition \*\*\* presented to the managing board [of any such district], the board shall \*\*\* order submitted to the voters \*\*\* a proposition to elect a board of education of 3 or 5 or 7 members, as the case may be. \*\*\* In any such district which determines to elect a new board of education as hereinabove authorized, the number of members on the board may thereafter be changed by following the procedure hereinabove set forth. (Ill. Rev. Stat. 1985, ch. 122, par. 32—1.5.)

The appellees argue that this article applies only to those districts which have a managing board and are seeking to change to an elected board or those districts which have had managing boards, thereafter changed to elected boards, and wish to increase their number. We disagree with the appellees' contentions. Examining the statute, we cannot see or discern any purpose for suggesting that the clause on increasing a board's members should apply only as the appellees suggest. The applicable provision provides for changing the number of members to a board of education. Whether the board is or was a managing or elected board is irrelevant. The appellees argue that such a construction could not have been intended by the legislature. The appellees contend that if an increase in membership is allowed to a board that has always been elected, the existing members' positions will be terminated before their elected terms have expired. This argument is incorrect. Although the statute provides for the termination of the terms of the predecessor board, this provision applies only when an entirely new board is organized. Thus, when a managing board has been replaced by an elected board, the entire managing

board's terms will expire upon organization of the newly elected board.

The circuit court and the electoral board were incorrect when holding that article 32 and section 32—1.5 of the School Code are not applicable to special charter school districts which already utilize an elected board of education and instead apply only to those having a managing board. We hold that this provision is applicable to those special charter districts having elected boards which wish to add additional members. Further, if additional members are elected to an already elected board, the elected members shall serve their full terms.

In the instant case, the petition, although not artfully drawn, appears to request parties to vote to add two additional members to the Canton board. Since the petition seeks to change the Canton board from five to seven members, and is relying on a statute which pertains to the increase, the proposed change should be included in the proposition to be voted upon. Consequently, if the referendum is passed the only effect is to cause an election of two additional members to the Canton school board.

For the foregoing reasons, the order of the circuit court of Fulton County is reversed and the cause is remanded with directions to vacate the decision of the electoral board.

Reversed and remanded.

BARRY, P.J., and WOMBACHER, J., concur.